# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KOU LEE,**

            **Plaintiff,**

v.                                        Case No. 25-CV-1233

**DOBBERSTEIN LAW FIRM LLC, et al.,**

            **Defendants.**

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Currently pending before the court is Kou Lee's Request to Proceed in District Court without Prepaying the Filing Fee.

Having reviewed the plaintiff's request, the court concludes that the plaintiff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Lee seeks to sue the persons and entities involved in a small claims action in which he was a defendant. *See BCG Equities, LLC vs. Lee*, Case No. 2020SC002023 (Winnebago Cnty. Cir. Ct.). BCG Equities, LLC was the plaintiff in that action and

was represented by Dobberstein Law Firm, LLC, and Meghan P. MacKelly. Eric R. Heywood was a Winnebago Circuit Court Commissioner and Bryan D. Keberlein was a Winnebago Circuit Court Judge who presided in the case. Lee asserts that judgment was entered against him despite the fact that he was never properly served. He alleges that this amounted to a violation of due process. Thus, he seeks damages against the defendants pursuant to 42 U.S.C. § 1983. He also argues that the judgment is void under Wis. Stat. § 801.11. He also alleges that the Dobberstein Law Firm and MacKelly violated Wisconsin's open records law by not responding to his request for information. Finally, he alleges that the Dobberstein Law Firm, MacKelly, and BCG Equities violated the Fair Debt Collection Practices Act. He seeks $500,000 from each defendant (for a total of $2.5 million), as well as punitive damages, declaratory judgment voiding an order of the state court, and injunctive relief halting any enforcement actions.

There are numerous issues with Lee's complaint that preclude the court from granting the relief he seeks. For example, judicial officers like Judge Keberlein and Commissioner Heywood are entitled to absolute immunity from suits for damages "even if the action was in error, was done maliciously, was in excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1015 (7th Cir. 2000). Therefore, Lee has no plausible claim against Keberlein or Heywood.

Wisconsin's open records laws do not impose any obligation on non-governmental actors such as the Dobberstein Law Firm and MacKelly. *See, e.g.*, Wis.

Stat. § 19.31. And in any event, the laws do not provide for a private cause of action for damages except in conjunction with a petition for a writ of mandamus in Wisconsin circuit court. *See Kuether v. Posley*, No. 23-CV-948, 2024 U.S. Dist. LEXIS 9808, at *23 (E.D. Wis. Jan. 19, 2024); *Wis. Carry, Inc. v. City of Milwaukee*, 35 F. Supp. 3d 1031, 1039 (E.D. Wis. 2014).

Similarly, Wis. Stat. § 801.11 sets forth a procedural rule. It does not authorize a claim for damages.

Lee also does not allege a plausible violation of the Fair Debt Collection Practices Act. He simply names the statute and identifies "FDCPA Violations" as Count IV of his complaint without any factual support or effort to articulate which provision of the FDCPA any defendant allegedly violated.

But the critical issue with Lee's complaint, which precludes this court from granting any relief, is that his claims are "'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision." *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003). Consequently, Lee's claims are barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). A federal district court lacks jurisdiction to overturn a state court judgment. Because it is clear from Lee's complaint that the court lacks jurisdiction to consider his claims, his complaint and this action must be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 3) is **granted**.

**IT IS FURTHER ORDERED t**hat the plaintiff's complaint and this action are **dismissed** for lack of jurisdiction. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 21st day of August, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge